### LORD v BOSCHERT

Ohio Appeals, 1st Dist, Hamilton Co

No 4479.   Decided Jan 22, 1934

Roy Manogue, Cincinnati, and J. Lewis Homer, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, for defendant in error.

such parties or witness is incorporated into a bill of exceptions in the case wherein such evidence was given, as being all the evidence given by such party or witness, and such bill has been duly signed by the judge or court before whom such evidence was given, the evidence so incorporated into such bill of exceptions, may be read in evidence by either party on a further trial of the case. If no bill of exceptions has been taken or signed as aforesaid, but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case, and shall be prima facie evidence of what such deceased party or witness testified to orally on the former trial. * * *"

It will be noted the section provides "on the further trial of the case", and the right to the introduction must be based on that proposition.

Many cases are cited in the brief for plaintiff in error to the effect that the reason for the rule is that the parties may have opportunity to cross-examine the witness justifies the construction of the statute to mean that if a party in an action pending had an opportunity at another trial to cross-examine, the evidence would be admissible. Whatever the reason given, the statute is explicit and states "on the further trial of the case."

The fact that Bertha Lord was the wife of Irvin C. Lord would have no bearing on the question of admissibility. Irvin C. Lord's case was an entirely different cause of action from the Bertha Lord case. Her case was for personal injuries, while his action is one for loss of services et cetera. The parties were not the same. Only the defendant was the same person. Irvin C. Lord's case is not a further trial of the case of Bertha Lord, notwithstanding the same accident was the basis of the two causes of action. Had there been a retrial of the Bertha Lord case, undoubtedly Noelcke's evidence, given at the former trial, would have been admitted. But this is not the case here.

Some of the cases cited by counsel for plaintiff in error in their brief are where an administrator was permitted to bring an action after the death of an injured party, where an action had been commenced by the injured party prior to his death. The courts seem to be of the opinion that the administrator is so identified with the injured party in representing his estate, that the rule would admit the testimony given

## OPINION

By HAMILTON, PJ.

The sole question presented here is, whether or not the trial court erred in refusing to permit the introduction of the testimony given by Noelcke at the trial of the Bertha Lord case? Authority for its admissibility is claimed under the provisions of §11496, GC, the pertinent part of which is as follows:

"When a party or witness, after testifying orally, dies, * * * if the evidence given by

at the former trial. These were decisions of other states, and we are not prepared to say they would not be the law of Ohio. But we have no such situation here.

Counsel also quote from Greenleaf on Evidence. But it will be noted that in all the comments of the author as to the reason for the exception to the hearsay rule, the citation closes with the phrase "in any subsequent suit between the same parties."

Our conclusion is, that the statute is clear in its terms, and that to admit such evidence, the action must be in "a further trial of the case" in which the evidence was given, and that the Court of Common Pleas did not err in excluding the evidence.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.